1    Gregory G. Iskander, Bar No. 200215
     giskander@littler.com
2    Yesenia Garcia Perez, Bar No. 264880
     ygarciaperez@littler.com
3    Benjamin Sanchez, Bar No. 313871
     bsanchez@littler.com
4    LITTLER MENDELSON, P.C.
     Treat Towers
5    1255 Treat Boulevard, Suite 600
     Walnut Creek, California 94597
6    Telephone: 925.932.2468
     Fax No.: 925.946.9809
7

8    Attorneys for Defendants
     QUAD GRAPHICS, INC.; QG PRINTING II,
     LLC
9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

12

| 13 | ELIUD RAMIREZ, | Case No. |
|---|---|---|
| 14 | Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446** |
| 15 | v. | |
| 16 | QUAD GRAPHICS, INC.; RAFAEL ALVAREZ, an individual; ANGELO ORTIZ, an individual; QG PRINTING II, LLC; and DOES 1 through 100, inclusive, | |
| 17 | | *[Filed concurrently with the Declaration of Kim Brothers, Corporate Disclosure Statement; Notice of Related Cases; Civil Case Cover Sheet]* |
| 18 | | |
| 19 | Defendants. | |
| 20 | | Complaint Filed: November 17, 2022 (Riverside County Superior Court, Case No. CVR12205012) |
| 21 | | |
| 22 | | |

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF**

2  **ELIUD RAMIREZ AND HIS ATTORNEYS OF RECORD:**

3  PLEASE TAKE NOTICE that Defendants Quad Graphics, Inc. and QG

4  Printing, LLC (collectively "Defendants") hereby remove the above-entitled action,

5  Case No. CVR12205012, from the Superior Court of the State of California, County

6  of Riverside, to the United States District Court for the Central District of California,

7  pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

8  This Notice is based upon the original jurisdiction of the federal district court

9  over the parties under 28 U.S.C. section 1332 ("Section 1332") because the parties

10  are of diverse citizenship and the matter in controversy exceeds, exclusive of interest

11  and costs, the sum specified by 28 U.S.C. section 1332.

12  Defendants make the following allegations in support of its Notice of

13  Removal:

14  **JURISDICTION [LOCAL RULE 8-1]**

15  1.  This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1),

16  and this case may be removed pursuant to the provisions of 28 U.S.C. section

17  1441(a), because it is a civil action wherein the amount in controversy exceeds

18  seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is

19  between "citizens of different States."

20  2.  As set forth below, this case meets all of Section 1331 and 1332's

21  requirements for removal and is timely and properly removed by the filing of this

22  Notice.

23  3.  Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c), 1391

24  and 1446.  Plaintiff Eliud Ramirez ("Plaintiff") originally brought the State Court

25  Action in the Superior Court of the State of California, County of Riverside.

26  **PLEADINGS, PROCESS AND ORDERS**

27  4.  On November 17, 2022, Plaintiff filed a Complaint (the "Complaint")

28  in the Superior Court of the State of California, County of Riverside, titled *ELIUD*

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

*RAMIREZ v. QUAD GRAPHICS, INC., et al.*; Case No. CVR12205012 (the "State Court Action"). The Complaint asserts the following eighteen causes of action: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation; (3) Employment Discrimination Based on Disability/Medical Condition; (4) Employment Discrimination Based Upon Age; (5) Hostile Work Environment and Harassment in the Work Place; (6) Intentional Infliction of Emotional Distress; (7) Failure to Accommodate Disability; (8) Failure to Engage in the Interactive Process; (9) Negligent Supervision and Retention; (10) Failure to Pay Overtime; (11) Failure to Pay Meal Period Compensation; (12) Failure to Pay Rest Period Compensation; (13) Failure to Pay Wages in a Timely Manner; (14) Failure to Pay Earned Wages; (15) Failure to Pay Wages Due; (16) Waiting Time Penalties; (17) Failure to Furnish Timely and Accurate Wage Statements; and (18) Unfair Business Practices.

5.      On December 15, 2022, Plaintiff personally served each Defendants, through their corporate agent, with copies of the Summons and Complaint, and corresponding documents consisting of the Civil Case Cover Sheet, Certificate of Counsel, Notice of Department Assignment, Notice of Case Management Conference, and Alternative Dispute Resolution (ADR) – Information Package. Attached hereto as **Exhibit A** are true and correct copies of the Summons and Complaint, and the corresponding documents described in this paragraph.

6.      On January 12, 2023, Defendants filed their Answer to Plaintiff's Complaint. Attached hereto as **Exhibit B** is a true and correct copy of Defendants' Answer.

7.      Pursuant to 28 U.S.C. section 1446(a), the documents attached hereto constitute all process, pleadings, and orders filed and served upon Defendants in this action.

## **INDIVIDUAL DEFENDANTS**

8.      Individual Defendants Rafael Alvarez and Angelo Ortiz ("Individual Defendants") are the only two individual defendants named in this action, and

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

3

1  Defendants is informed and believe that the Individual Defendants have not been
2  served.  As such, they need not join or consent in this Notice of Removal and are to
3  be disregarded for the purpose of removal.  28 U.S.C. § 1441(a); *Salveson v. Western*
4  *States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named defendants not
5  yet served in state court action need not join in notice of removal; the defendants
6  summoned can remove by themselves).

7  ### TIMELINESS OF REMOVAL

8       8.     Plaintiff caused the Summons and Complaint to be served on
9  Defendants through its corporate agent on December 15, 2022.  Pursuant to 28 U.S.C.
10  section 1446(b), this Notice of Removal is therefore timely filed as it is filed within
11  thirty (30) days after Defendants were effectively served with the Summons and
12  Complaint and within one year after commencement of this action.

13  ### DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332

14       9.     Section 1332(a) provides: "The district courts shall have original
15  jurisdiction of all civil actions where the matter in controversy exceeds the sum or
16  value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of
17  different States[.]" This action is a civil action over which this Court has original
18  jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and may
19  be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(b)
20  because it is a civil action between citizens of different states and the amount in
21  controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

22       10.    Plaintiff is a Citizen of California. To establish citizenship for diversity
23  purposes, a natural person must be a citizen of the United States and domiciled in a
24  particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 WL 8284799, at *7 (C.D.
25  Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.
26  1983)).  Persons are domiciled in the places they reside with the intent to remain or
27  to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v.
28  Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  Residence is *prima facie*

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4

evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he is an individual and a resident of the County of Riverside in the State of California. (**Exhibit A**, Compl., ¶ 1.) Thus, Plaintiff is a citizen of California.

11.    For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S.77; 130 S. Ct. 1181, 1186; 175 L. Ed. 2d 1029, 1034 (2010).

12.    Defendant Quad Graphics, Inc. is NOT a Citizen of California. Defendant Quad Graphics, Inc. ("Quad Graphics") is a corporation incorporated and existing under the laws of the state of Wisconsin and its corporate headquarters is located in the State of Wisconsin. (Declaration of Kim Brothers ("Brothers Decl.") ¶ 4.) At the time the Complaint was filed, Quad Graphics' corporate headquarters was, and still is, in Sussex, WI. (*Id.*) Quad Graphics' high-level officers direct, control, and coordinate the Company's corporate and business activities from Sussex, WI. (*Id.*) Thus, Quad Graphics' principal place of business is Sussex, WI, and Quad Graphics is a citizen of Wisconsin for purposes of diversity.

13.    Defendant QG Printing II, LLC is NOT a Citizen of California. Defendant QG Printing II, LLC ("QG Printing") was, and still is, a Connecticut limited liability company that has its principal place of business in Sussex, WI, and is a wholly owned subsidiary of its only member, Quad Graphics. (Brothers Decl. ¶ 5.) Accordingly, QG Printing is a citizen of Wisconsin for purposes of diversity.

14.    Individual Defendants Rafael Alvarez and Angelo Ortiz Should Be Disregarded for Diversity Purposes. On information and belief, Individual

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

5

Defendants Rafael Alvarez and Angelo Ortiz ("Individual Defendants") are citizens of California. However, the Individual Defendants are sham defendants and should be disregarded for diversity purposes. *Ritchey v. Upjohn Drug Co.*, 139 F.2d 1313, 1318-19 (9th Cir.), *cert. denied*, 525 U.S. 963 (1998) (sham defendants may be disregarded when determining diversity jurisdiction). A resident defendant may be ignored for diversity of citizenship where the plaintiff fails to state a cause of action against the resident defendant. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent"); *Ritchey*, *supra*, 139 F.3d at 1318-19.

15.   In addition, a defendant is fraudulently joined when the plaintiff is unable to "establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Ruth Thrower by & through Mills*, 889 F.3d 548. 548 (9th Cir. 2018); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). In determining whether a defendant is fraudulently joined, courts may properly consider the allegations in the complaint and the facts presented by the defendant in its notice of removal. *Ritchey*, 139 F.3d at 1318-1319.

16.   Plaintiff's Complaint asserts the following causes of action against the Individual Defendants: Fifth (hostile work environment and harassment in the workplace); Sixth (intentional infliction of emotional distress); Tenth (failure to pay overtime); Eleventh (failure to pay meal period compensation); Twelfth (failure to pay rest period compensation); Thirteenth (failure to pay wages in a timely manner), Fifteenth (failure to pay wages due); Sixteenth (waiting time penalties), Seventeenth (failure to furnish timely and accurate wage statements); and Eighteenth (unfair business practices).

17.   <u>Plaintiff's Wage and Hour Claims Against the Individual Defendants Fail As A Matter of Law</u>. Here, Plaintiff cannot establish his wage and hour-based

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6

claims against the Individual Defendants (i.e., 10th, 11th, 12th, 13th, 15th, 16th, 17th, and 18th causes of action) because the Individual Defendants are not Plaintiff's employer. (Brothers Decl. ¶¶ 7-8.)  Rather, Plaintiff was employed by Defendant QG Printing, who also employed the Individual Defendants. (*Id*.)  Also, the Individual Defendants are not owners, directors, or managing agents of Defendants. (Brothers Decl. ¶ 8; *see* Lab. Code § 558.) Even assuming *arguendo* that the Individual Defendants are officers/managing agents (they are not), they cannot be held liable to the wage and hour claims as the Individual Defendants do not have any discretionary authority or influence over decisions that ultimately determine corporate policy.[1] (Brothers Decl. ¶ 8.)  Indeed, besides the general allegation that the Individuals Defendants were "directly responsible for Plaintiff's (sic) wages and hours directly liable pursuant to Labor Code § 558.1" (Comp., ¶¶ 5-6), Plaintiff does not allege any affirmative act by the Individual Defendants that purportedly caused violations of the Labor Code.  Nor does he allege any facts establishing that the Individual Defendants exercised substantial discretionary authority over corporate policy decisions or that they had any oversight of the company's operations that resulted in the alleged Labor Code violations. *Dopp v. Now Optics, LLC*, No. 22-CV-964-CAB-RBB, 2022 WL 3585582, at *4 (S.D. Cal. Aug. 22, 2022). Accordingly, since Plaintiff has not stated any legally viable causes of action against the Individual Defendants relating to his wage and hour claims, the Individual Defendants are sham defendants and should be disregarded for the purposes of removal.

18.  Plaintiff Cannot Plead Harassment by the Individual Defendants. Plaintiff's fifth cause of action for hostile work environment and harassment under FEHA should be disregarded when determining diversity jurisdiction.  Here, all of

---

[1] *See White v. Ultramar, Inc*., 21 Cal. 4th 563, 573 (1999); *Espinoza v. Hepta Run, Inc.*, 74 Cal. App. 5th 44, 59 (2022) (to be held personally liable for a Labor Code violation, the employee "must have had some oversight of the company's operations or some influence on corporate policy that resulted in Labor Code violations."

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

7

the allegations in Plaintiff's Complaint regarding this claim appear to be based on comments purportedly made by the Individual Defendants about his age and/or medical condition:

- At the age of 60, Plaintiff was the oldest employee working in his department. For this reason, Plaintiff's supervisor, RAFAEL ALVAREZ (hereinafter "ALVAREZ"), made consistent and repeated denigrating comments such as, but not limited to, "you should retire" and "why are you still working here? You have been working here too long". (Compl., ¶ 16.)

- Plaintiff suffers from extremely high blood pressure and was prescribed medication by a doctor. Defendants were fully aware of Plaintiff's medical condition. The condition is dangerous and one which interferes with Plaintiff's life in a consistent and pervasive fashion. Despite Plaintiff's condition, Plaintiff's supervisor, ALVAREZ, made consistent and repeated denigrating comments and asked Plaintiff questions about Plaintiff's medical condition in an effort to mock Plaintiff including, without limitation, "did you take your meds?" as well as "did you take your medicine yet? There is a meeting." The comments were ongoing and pervasive. (Compl., ¶ 19.)

- Plaintiff received a call from the press room manager, ANGELO ORTIZ (hereinafter "ORTIZ"), shortly before Plaintiff's employment was terminated and ORTIZ began to mock Plaintiff and said "did you miss me? I didn't" and threatened to terminate Plaintiff's employment if he did not return to work despite Plaintiff's medical leave. (Compl., ¶ 22.)

19.    To state a cause of action for harassment, Plaintiff must allege that: (1) he was a member of a protected category; (2) he was subjected to unwelcome harassment; (3) the harassment was based on the protected category; and (4) the harassment was sufficiently severe and pervasive such that it altered the conditions of his employment and created a hostile work environment. *Guthrey v. State of California*, 63 Cal. App. 4th 1108, 1122-1123 (1998). Whether an environment was hostile or abusive is evaluated by examining the totality of the circumstances, including: (1) the frequency of the discriminatory conduct; (2) the severity of the discriminatory conduct; (3) "whether it is physically threatening or humiliating, or a

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

mere offensive utterance;" and (4) "whether it unreasonably interferes with an employee's work performance."  *Id.*, *quoting Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993) (internal quotations omitted).  Plaintiff "must show a concerted pattern of harassment of a repeated, routine or a generalized nature" and cannot simply rely on occasional, isolated, sporadic or trivial acts.  *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 610 (1989).

20.    Here, assuming that the Individual Defendants subjected Plaintiff to the conduct complained of, such conduct does not give rise to a harassment claim as it was clearly not "severe and pervasive."  For example, Plaintiff specifically alleges that Defendant Alvarez made harassing comments including "you should retire", "why are you still working here? You have been working here too long", "did you take your meds?", and "did you take your medicine yet? There is a meeting." (Compl., ¶¶ 16, 19.)  However, these alleged comments do not demonstrate that any of Defendant Alvarez's conduct was based on, or motivated by, Plaintiff's age or medical condition.  Even if the allegations could be construed to be based on either Plaintiff's age or medical condition, there is no viable claim that Defendant Alvarez's actions were "sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment" or were severe.  *See Fisher*, 214 Cal. App. 3d at 608 (stating that plaintiff must show "concerted pattern of harassment of a repeated, routine, or a generalized nature"); *see also Etter v. Veriflo Corp.*, 67 Cal. App. 4th 457, 466 (1998) (racial remarks made to a stock room worker every day for six weeks was not severe and pervasive conduct); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[a] recurring point in these opinions is that 'simple teasing,'...offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment'").

21.    Furthermore, Defendant Ortiz's alleged harassing comment of "did you miss me? I didn't" (Compl., ¶ 22) was a single and isolated incident, and more importantly, does not rise to the level of "severe."  Only for very severe cases will

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

9

such an isolated incident amount to harassment.  *See Herberg v. California Institute of the Arts*, 101 Cal. App. 4th 142, 151 (2002) ("review of the cases they cite reveals that such a single incident must be severe in the extreme and generally must include either physical violence or the threat thereof." (citations omitted)); *Department of Corrections v. State Personnel Bd*., 59 Cal. App. 4th 131, 134 (1997) (noting incident of rape may be enough but not a single incident in which corrections officer used profane language and shook a female Hispanic fellow officer by his collar to emphasize his point); *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1042 (1996) (single incident where plaintiff was drugged and gang-raped).  The Ninth Court has also held that "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Manatt v. Bank of America*, 339 F.3d 792, 798 (9th Cir. 2003) (citations omitted).

22.   In addition, the Individual Defendants' alleged conduct, specifically comments about whether he has taken his medication before a work meeting or whether he will return to work from medical leave, constituted mere personnel management decisions, which cannot subject the Individual Defendants to personal liability. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64-65 (1996) ("personnel management" actions cannot give rise to a harassment claim). "Personnel management" includes decisions such as "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like . . ." *Id.*  They are the actions of the sort "necessary to carry out the duties of business and personnel management." *Id*. at 65. The alleged harassing comments here are nothing more than personnel management decisions – much of which allegedly relates to the routine handling of an employee's medical condition and medical leave – which cannot subject the Individual

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

10

Defendants to personal liability and does not support a claim for unlawful harassment. For all of these reasons, Plaintiff's harassment claim against the Individual Defendants is not viable.

23.  Plaintiff Cannot Plead "Outrageous Conduct" or "Intentional Harm" by the Individual Defendants. Plaintiff's sixth cause of action for Intentional Infliction of Emotional Distress ("IIED") against the Individual Defendants should also be disregarded when determining diversity jurisdiction.  As demonstrated below, Plaintiff's IIED claim against the Individual Defendants similarly fails.

24.  In order to succeed on his IIED claim, Plaintiff must allege (1) outrageous conduct by the Individual Defendants, (2) the Individual Defendants intentionally caused or recklessly disregarded the probability of causing emotional distress; (3) that Plaintiff suffered emotional distress; and (4) the Individual Defendants' outrageous conduct was the actual and proximate cause of Plaintiff's emotional distress.  *See Cole v. Fair Oaks Fire Prot. Dist*., 43 Cal. 3d 148, 155 n.7 (1987).  It is an issue of law whether a defendant's conduct can be deemed to be so extreme and outrageous so as to allow for recovery.  *Fowler v. Varian Assn., Inc*. 196 Cal. App. 3d 34, 44 (1987).

25.  Individuals cannot be held liable in tort for conduct relating to personnel actions. *See Kacludis v. GTE Sprint Communications,* 806 F.Supp. 866, 872 (N.D. Cal. 1992) ("If that privilege protects nothing else, it protects a manager's right to manage . . . without fear of independent liability absent concrete and specific allegations that such actions were *entirely* for the benefit of the individual") (emphasis in original); *see also McCabe,* 811 F.2d at 1339; *see also Sheppard v. Freeman,* 67 Cal. App. 4th 339, 347 (1998)  ("an employee or former employee cannot sue individual employees based on their conduct, including acts or words, relating to personnel actions").  "[A] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.  If personnel management decisions

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

11

are improperly motivated, the remedy is a suit against the employer for discrimination." *Fletcher v. W. Nat'l Life Ins. Co.,* 10 Cal. App. 3d 376, 397 (1970). Discipline and criticism that are a normal part of the employment relationship do not constitute "outrageous" conduct, even if intentional and malicious. *See Shoemaker v. Myers,* 52 C.3d 1, 25 (1990) (supervisor allegedly said he wanted to cause plaintiff "as much grief as possible" not outrageous as a matter of law). Firing an employee by itself does not constitute "outrageous" conduct, even if the firing was without cause. *See Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1352 (9th Cir. 1984) (plaintiff was allegedly fired on a pretext, without cause and in a "callous and insensitive manner").

26.     Liability extends "only to conduct extreme and outrageous 'as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Alcorn v. Anbro Engineering, Inc.,* 2 Cal. 3d 493, 499, n.5 (1970); *Hughes v. Pair,* 46 Cal. 4th 1035, 1050-1051 (2009). "'[I]t is generally held that there can be no recovery for mere profanity, obscenity, or abuse, without circumstances of aggravation, or for insults, indignities or threats which are considered to amount to nothing more than mere annoyances.'" *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1128 (1989) (internal citations omitted). Finally, "[s]evere emotional distress [is] emotional distress of such substantial quantity or enduring quality that no reasonable [person] in a civilized society should be expected to endure it." *See Fletcher*, 10 Cal. App. 3d at 397.

27.     Here, Plaintiff's IIED claim against the Individual Defendants is based on the alleged harassing comments the Individual Defendants made toward Plaintiff, such as specifically asking whether Plaintiff took his medications before a work meeting or whether Plaintiff will be returning to work from his medical leave, were part of the Individual Defendants' personnel duties and/or personnel management activity. (*See* Compl., ¶¶ 16, 19, 22.) Furthermore, to the extent that Plaintiff's claim for IIED rests upon the Individual Defendants' involvement in Plaintiff's

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

12

termination, this conduct cannot form the basis for individual liability because it constitutes a personnel activity and/or management decision. *See Kacludis, supra,* 806 F.Supp. 872; *see also, Lawler v. Montblanc North America, LLC,* 704 F.3d 1235, 1245-1246 (9th Cir. 2013); *see also, Light v. Department of Parks and Recreation*, 14 Cal. App. 5th 75, 102 (2017) (summary judgment proper where supervisor's actions in refusing to listen to Plaintiff's complaints about retaliation, encouraging others to silence Plaintiff, and participating in employer's retaliation against Plaintiff, while improper and misguided, were common supervisory actions and therefore insufficient to form basis for IIED).

28. Plaintiff's allegations against the Individual Defendants further do not rise to the level of "extreme" and "outrageous" conduct. Indeed, the complained-of conduct in this action does not even begin to reach the level of the complained-of conduct in *Yurick*, 209 Cal. App. 3d at 1128-30, wherein the Court held that "unlawful" conduct is not outrageous. For conduct to be considered "outrageous," it must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1123. In *Yurick*, the plaintiff alleged claims of age discrimination and intentional infliction of emotional distress. In dismissing plaintiff's emotional distress claim, the court noted that our law has not "progressed to the point where we are able to afford a remedy in the form of tort damages for all intended mental disturbance. . . . The plaintiff cannot recover merely because of hurt feelings." *Id.* at 1128. Rather, the rule which has emerged from the cases is that there can be no recovery on a claim for intentional infliction of emotional distress unless the conduct exceeds all bounds usually tolerated by decent society. Although the court found that the supervisor's conduct was objectively offensive, the supervisor's comments that anyone over 40 was senile and that Plaintiff was senile and a liar was *not* so egregiously outside the realm of civilized conduct as to give rise to actionable infliction of emotional distress. *Id.* at 1129. The conduct at issue in *Yurick* is far more egregious than the complained-of conduct in this matter. Further, Plaintiff's

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

complaint fails to allege a single fact to support a finding of tortious intent. Accordingly, because Plaintiff has failed to allege "outrageous" or "extreme" conduct and failed to demonstrate that the Individual Defendants intended to cause harm, he cannot succeed on an IIED claim.

29.     Finally, exclusive remedy provisions of the Worker's Compensation Act ("WCA") also bar Plaintiff's IIED claim.  *See* Lab. Code § 3600, *et seq.*; *see also Cole*, 43 Cal. 3d at 154, 160 (an employer's conduct that is "a normal part of the employment relationship, such as the demotions, promotions, criticism of work practices, and friction in negotiations as to grievances," and which causes an employee to suffer emotional distress, is subject to the exclusive remedy provisions of the Code).  Therefore, any alleged injuries arising from Plaintiff's employment termination are preempted.  *Id.*

30.     Accordingly, as Plaintiff cannot establish any cause of action against the Individual Defendants, the Individual Defendants should be disregarded as "sham" defendants for the purposes of determining diversity in this case.  Further, the presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

Thus, Plaintiff and Defendants Quad Graphics and QG Printing, LLC are citizens of different states, and there is complete diversity sufficient to establish diversity jurisdiction pursuant to 8 U.S.C. section 1441.

### THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

31.     The amount in controversy is determined from the allegations or prayer of the complaint.  *See St. Paul Mercury Idemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998) (including attorneys' fees in

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

14

1    amount in controversy when the underlying statute authorizes mandatory or

2    discretionary attorneys' fee award).

3        32.    The Complaint and the Prayer for Relief contained therein indicates an

4    amount of damages claimed as follows: (1) General damages, including non

5    economic damages in the sum of **$2,000,000**; (2) Special damages, including

6    economic damages, including without limitation, loss of income, loss of back pay

7    and front-pay, unpaid wages, rest and meal period compensation, loss of employment

8    benefits, loss of earning capacity and medical expenses in the sum of **$1,500,000**; (3)

9    For restoration and restitution of money acquired by unfair business practices

10   according to proof; (4) For statutory and civil penalties and damages in an amount of

11   **$150,000**; (5) Punitive and exemplary damages in the sum of **$2,000,000**; (6) For

12   prejudgment interest and interest provided by law including, but not limited to, Civil

13   Code § 3291 at the rate of 10% per annum in the sum of **$150,000**; (7) For attorney's

14   fees pursuant to Government Code §12965(b), Labor Code §§ 1194 and 218.5, and

15   all other applicable law, in the sum of **$300,000**; (8) Costs of suit incurred herein in

16   the sum of **$35,000**; and (9) For such other and further relief as the Court deems just

17   and proper. (Comp. Prayer ¶¶ 1-9.)

18       33.    Defendants deny the validity and merit of all of Plaintiff's claims, the

19   legal theories upon which they are purportedly based, and the claims for monetary

20   and other relief that flow from them.  However, "[i]n measuring the amount in

21   controversy, a court must assume that the allegations of the complaint are true and

22   that a jury will return a verdict for the plaintiff on all claims made in the complaint."

23   *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001

24   (C.D. Cal. 2002); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199,

25   1205 (E.D. Cal. 2008). "The amount in controversy is simply an estimate of the total

26   amount in dispute, not a prospective assessment of [D]efendant's liability." *Lewis v.*

27   *Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Rippee v. Boston*

28   *Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). Here, Plaintiff claims

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

15

damages of over **$6,000,000**, which is far beyond the jurisdictional minimum of $75,000, and thus the amount in controversy requirement is met.

## NOTICE TO STATE COURT AND PLAINTIFF

34.    Concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsels for Plaintiff, Nicholas Cameron of the Law Offices of Nicholas Cameron & Associates; and Thomas R. Nigro of the Law Offices of Thomas R. Nigro.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Riverside.

WHEREFORE, Defendants pray that the Court remove this civil action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California.

Dated:        January 13, 2023

LITTLER MENDELSON, P.C.


/s/ Gregory G. Iskander
Gregory G. Iskander
Yesenia Garcia Perez
Benjamin Sanchez

Attorneys for Defendants
QUAD GRAPHICS, INC.; QG
PRINTING II, LLC

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

16

# EXHIBIT A



**null / ALL**
**Transmittal Number: 26059908**
**Date Processed: 12/15/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Laural Albrechtson<br>Quad/Graphics, Inc.<br>N61W23044 Harrys Way<br>Sussex, WI 53089-3995 |

| | |
|---|---|
| **Electronic copy provided to:** | Alex Pyke |

| | |
|---|---|
| **Entity:** | Quad/Graphics, Inc.<br>Entity ID Number  3250589 |
| **Entity Served:** | Quad Graphics, Inc. |
| **Title of Action:** | Eliud Ramiltez vs. Quad Graphics, Inc. |
| **Matter Name/ID:** | Eliud Ramirez vs. Quad Graphics, Inc. (13347840) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Riverside County Superior Court, CA |
| **Case/Reference No:** | CVR12205012 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/14/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Law Offices of Nicholas Camero & Associates<br>714-835-9900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILE___, Superior Court of California, County of Riverside on ___/7/2022 12:20 PM
Case Number CVRI2205012 0000040061065 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Jaime Hendrickson, Clerk

| | |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **SUM-100** |

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
QUAD GRAPHICS, INC.; RAFAEL ALVAREZ, an individual;
ANGELO ORTIZ, an individual; QG PRINTING II, LLC; and
DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ELIUD RAMÍREZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>4050 Main Street, Riverside, CA 92501<br>RIVERSIDE HISTORIC COURTHOUSE | CASE NUMBER:<br>*(Número del Caso):*<br>**CVRI2205012** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

NICHOLAS CAMERON, ESQ. (SB# 236607)       THOMAS R. NIGRO, ESQ. (SB# 113498)
LAW OFFICES OF NICHOLAS CAMERON & ASSOCIATES   LAW OFFICE OF THOMAS R. NIGRO
920 East Civic Center Drive                26632 Towne Centre Drive, Suite 300
Santa Ana, CA 92701; tel: (714) 835-9900    Foothill Ranch, CA 92610; tel: (949) 453-1777

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 11/17/2022 | Clerk, by<br>*(Secretario)* | Hendrickson | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **Quad Graphics, Inc.**

    under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



GC68150(q)

| | | | |
|---|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>⊕ Plus | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

Electronically FILED by Superior Court of California, County of Riverside on 11/__/2022 12:20 PM
Case Number CVRI2205012 0000040061063 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Jaime Hendrickson, Clerk

1 | NICHOLAS CAMERON, ESQ. (SB# 236607)
  | LAW OFFICES OF NICHOLAS CAMERON & ASSOCIATES
2 | 920 East Civic Center Drive
  | Santa Ana, CA 92701
3 | Tel: (714) 835-9900
  | Fax: (714) 835-9800
4 |
5 | THOMAS R. NIGRO, ESQ. (SB#113498)
  | LAW OFFICES OF THOMAS R. NIGRO
6 | 26632 Towne Centre Drive, Suite 300
  | Foothill Ranch, CA 92610
7 | Tel: (949) 453-1777
  | Fax: (949) 453-1677
8 | Attorneys for Plaintiff, ELIUD RAMIREZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE, RIVERSIDE HISTORIC COURTHOUSE

| | |
|---|---|
| ELIUD RAMIREZ | CASE NO.: CVRI2205012 |
| Plaintiff, | UNLIMITED JURISDICTION |
| vs. | **COMPLAINT FOR DAMAGES** |
| QUAD GRAPHICS, INC.; RAFAEL ALVAREZ, an individual; ANGELO ORTIZ, an individual; QG PRINTING II, LLC; and DOES 1 through 100, inclusive | 1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | 2. **RETALIATION (*Gov't. Code* § 12940(h));** |
| | 3. **EMPLOYMENT DISCRIMINATION BASED ON DISABILITY/MEDICAL CONDITION (*Gov't. Code* § 12940(a));** |
| Defendant(s). | 4. **EMPLOYMENT DISCRIMINATION BASED UPON AGE *Gov't. Code* §12940(a));** |
| | 5. **HOSTILE WORK ENVIRONMENT AND HARASSMENT IN THE WORK PLACE;** |
| | 6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| | 7. **FAILURE TO ACCOMMODATE DISABILITY (*Gov't. Code* §§12940(m) and 12926(p));** |
| | 8. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (*Gov't. Code* § 12940(n));** |
| | 9. **NEGLIGENT SUPERVISION AND RETENTION;** |
| | 10. **FAILURE TO PAY OVERTIME (*Labor Code* §§ 510 and 1194);** |
| | 11. **FAILURE TO PAY MEAL PERIOD COMPENSATION (*Labor Code* §§ 226.7 and 512);** |

1

**COMPLAINT FOR DAMAGES**

12. **FAILURE TO PAY REST PERIOD COMPENSATION** (*Labor Code* §226.7; *IWC Wage Order No.* 4-2001);
13. **FAILURE TO PAY WAGES IN A TIMELY MANNER** (*Labor Code* § 204);
14. **FAILURE TO PAY EARNED WAGES** (*Labor Code* §§ 204, 206 and 210);
15. **FAILURE TO PAY WAGES DUE** (*Labor Code* §§ 226 and 558)
16. **WAITING TIME PENALTIES** (*Cal. Labor Code* §§ 201, 202, and 203);
17. **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS** (*Labor Code* § 226);
18. *UNFAIR BUSINESS PRACTICES (Bus. & Prof. Code § 17200)*

Plaintiff, ELIUD RAMIREZ, demanding a jury trial, bring this action against Defendants QUAD GRAPHICS, INC.; RAFAEL ALVAREZ, an individual; ANGELO ORTIZ, an individual; QG PRINTING II, LLC; and DOES 1 through 100, inclusive, for: general, compensatory, special, punitive, liquidated and statutory damages, costs and attorneys' fees, resulting from defendants' unlawful and tortious conduct, and on other grounds therefore alleges as follows:

## PARTIES AND VENUE

1.      Plaintiff, ELIUD RAMIREZ (hereinafter "Plaintiff" or "RAMIREZ"), worked for Defendants and resides in the County of Riverside, State of California, at all times material to this Complaint.  Plaintiff is a male person and 60 years old at the time of his termination.

2.      At all times material to this Complaint, Defendant, QUAD GRAPHICS, INC., was and is a corporation duly organized and existing under and by virtue of the laws of the State of Wisconsin, and authorized to do business in the State of California and with its principal place of business in California which is located at 7190 Jurupa Avenue, Riverside, County of Riverside, State of California. Defendants maintain records relevant to Plaintiff's employment and the claims herein at their offices. On information and belief Defendants employ in excess of five (5) employees in Riverside County and elsewhere.

///

2

**COMPLAINT FOR DAMAGES**

3.     At all times material to this Complaint, Defendant, QG PRINTING II, LLC, was and is a limited liability company duly organized and existing under and by virtue of the laws of the State of Connecticut, and authorized to do business in the State of California and with its principal place of business in California which is located at 7190 Jurupa Avenue, Riverside, California 92504. Defendants maintain records relevant to Plaintiff's employment and the claims herein at their offices. On information and belief Defendants employ in excess of five (5) employees in Riverside County and elsewhere.

4.     Defendant, QUAD GRAPHICS, INC., and QG PRINTING II, LLC shall hereinafter collectively be referred to as "QUAD" or "Defendants."

5.     Plaintiff is informed and believes and thereby alleges that Defendant, RAFAEL ALVAREZ, is and at all times relevant hereto was a California resident, an employee, manager and supervisor of Defendant QUAD and one of Plaintiff's immediate supervisors.  RAFAEL ALVAREZ was directly responsible for Plaintiffs' wages and hours and directly liable pursuant to *Labor Code* § 558.1.

6.     Plaintiff is informed and believes and thereby alleges that Defendant, ANGELO ORTIZ, is and at all times relevant hereto was a California resident, an employee, manager and supervisor of Defendant QUAD and one of Plaintiff's immediate supervisors.  ANGELO ORTIZ was directly responsible for Plaintiffs' wages and hours and directly liable pursuant to *Labor Code* § 558.1.

7.     All wrongful and unlawful acts alleged in this Complaint occurred within this jurisdictional district and/or at least one Defendant now resides within this jurisdictional district.

8.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-100, inclusive, and therefore sue these Defendants by such fictitious names and capacities. Plaintiff is informed and believes, and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the conduct of such Defendants.

9.     Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each of the Defendants was functioning as the agent, servant, partner, employee and/or working in concert with his, her or its co-Defendants and was acting within the course and scope of such agency,

3

**COMPLAINT FOR DAMAGES**

1   partnership, employment and/or concerted activity. To the extent that certain acts and omissions were

2   perpetrated by certain defendants, the remaining Defendants confirmed and ratified said acts and

3   omissions of the co-Defendants, and in doing the actions mentioned below was acting within the course

4   and scope of his, her or its authority as such agent, servant, partner, and employee with the permission,

5   consent and ratification of the co-Defendants.

6       10.     Plaintiff is informed and believes and thereupon alleges that, at all times material herein,

7   each Defendant was completely dominated and controlled by his, her or its co-Defendant and each was

8   the alter ego of the other.

9       11.     Whenever and wherever reference is made in this Complaint to any act or failure to act

10  by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and

11  failures to act of each Defendant acting individually, jointly, and severally. Whenever and wherever

12  reference is made to individuals who are not named as plaintiff or defendants in this complaint shall be

13  deemed employees and/or agents of Defendants within the course and scope of their employment or

14  agency.

15      12.     Plaintiff is informed and believes and thereupon alleges that, at all times material herein,

16  Defendants and each of them, and/or their agents/employees or supervisors, authorized, condoned and

17  ratified the unlawful conduct of each other.

18      13.     Plaintiff is informed and believes and thereupon alleges that, at all times material herein,

19  defendants, and/or their agents/employees knew or reasonably should have known that unless they

20  intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or

21  otherwise penalize the conduct of the employees of Defendants set forth above, the remaining

22  Defendants and employees perceived the conduct and omissions as being ratified and condoned.

## GENERAL ALLEGATIONS

24      14.     Plaintiff is a male of Spanish, Latin and/or Hispanic race and ancestry and of Mexican

25  national origin.  Plaintiff was over the age of 40 at all relevant times and was 60 years of age at the end

26  of Plaintiff's employment with the Defendants.  Plaintiff was fully qualified to perform Plaintiff's

27  essential employment functions and duties, and Plaintiff performed the tasks dutifully and responsibly.

28

**COMPLAINT FOR DAMAGES**

15.     Plaintiff was employed for QUAD GRAPHICS, INC., and QG PRINTING II, LLC (hereinafter collectively "QUAD"), located at 7190 Jurupa Avenue, Riverside, CA 92504, as an offset first press operator for approximately 37 years until Plaintiff's employment was wrongfully terminated on or about December 10, 2020.

16.     Plaintiff alleges that during his employment with QUAD, Plaintiff was discriminated against because of his age.  At the age of 60, Plaintiff was the oldest employee working in his department.  For this reason, Plaintiff's supervisor, RAFAEL ALVAREZ (hereinafter "ALVAREZ"), made consistent and repeated denigrating comments such as, but not limited to, "you should retire" and "why are you still working here? You have been working here too long"

17.     Younger employees received preferential treatment at work.  Younger employees were not pressured to get their work done.  Also during Plaintiff's employment with QUAD, management would send Plaintiff home early whenever work was slow.  Plaintiff was the only employee that was sent home early.  Younger employees were allowed to stay at work and finish their shifts.  Plaintiff complained to management on several occasions over being sent home early to no avail.

18.     Furthermore, during Plaintiff's employment with QUAD, Plaintiff did receive all his meal breaks or rest breaks. In addition, when Plaintiff worked more than 12 hours per day, Defendants would alter his timecard to avoid paying Plaintiff his double-time overtime rate.

19.     Plaintiff suffers from extremely high blood pressure and was prescribed medication by a doctor. Defendants were fully aware of Plaintiff's medical condition. The condition is dangerous and one which interferes with Plaintiff's life in a consistent and pervasive fashion. Despite Plaintiff's condition, Plaintiff's supervisor, ALVAREZ, made consistent and repeated denigrating comments and asked Plaintiff questions about Plaintiff's medical condition in an effort to mock Plaintiff including, without limitation, "did you take your meds?" as well as "did you take your medicine yet? There is a meeting." The comments were ongoing and pervasive.

20.     During the company meetings, Plaintiff was unnecessarily and needlessly harassed to complete all of his work which aggravated Plaintiff's medical condition. On one occasion, Plaintiff was forced to miss work because of his condition.  On or about January 10, 2020, over the course of a few days, Plaintiff suffered 3 brain strokes and taken to the hospital where Plaintiff remained hospitalized

for several days.  Plaintiff notified his immediate supervisor, Dean Tucker, that Plaintiff would be missing work and explained his situation.  Plaintiff used vacation time he had accumulated to make up for the days Plaintiff missed at work.

21.    Plaintiff saw his doctor for a follow up visit after his strokes.  Plaintiff's doctor determined that Plaintiff was not ready to return to work and gave Plaintiff a doctor's note excusing him from work until on or about February 17, 2020.  Plaintiff provided the Defendants with the doctor's note.  Plaintiff continued to have follow up visits with his doctor.  On or about January 30, 2020, Plaintiff's doctor determined that Plaintiff needed more time off work to recover and extended Plaintiff's medical leave until March 17, 2020. Plaintiff's doctor continued to extend the date in which Plaintiff could return to work several times.  Plaintiff's last doctor's note he received was on or about October 1, 2020, which provided that Plaintiff could return to work on or about January 4, 2021.

22.    Plaintiff received a call from the press room manager, ANGELO ORTIZ (hereinafter "ORTIZ"), shortly before Plaintiff's employment was terminated and ORTIZ began to mock Plaintiff and said "did you miss me? I didn't" and threatened to terminate Plaintiff's employment if he did not return to work despite Plaintiff's medical leave.

23.    On or about December 10, 2020, Plaintiff received a separation package along with a termination notice dated December 10, 2020, along with a note instructing Plaintiff to sign and return all of the enclosed documents.  Plaintiff did not sign the documents.

24.    Plaintiff alleges that during his employment with Defendants, Plaintiff was discriminated against because of his age, disability, medical condition, and among other unlawful acts, Plaintiff alleges that he was harassed, humiliated, retaliated against, retaliated against for reporting discrimination retaliated against for resisting discrimination, retaliated against for using a disability-related accommodation, denied equal consideration in employment decisions, denied a work environment free from discrimination, denied reasonable accommodations for Plaintiff's disability, denied a good faith interactive process, denied employment opportunities, denied employment privileges, denied employment benefits, reprimanded and terminated from Plaintiff's employment of 37 years on or about December 10, 2020.

///

6

**COMPLAINT FOR DAMAGES**

25.     On or about December 23, 2021, Plaintiff filed a complaint of discrimination with the Department of Fair Employment and Housing and received his right to sue letter on the same date. Plaintiff filed an amended complaint on January 19, 2022.

26.     FEHA and *Government Code* §12965(b) provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(As to Defendants, QUAD GRAPHICS, INC., QG PRINTING II, LLC, and DOES 1 – 100, inclusive)

27.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 26 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

28.     Plaintiff is informed and believes, and thereon alleges, that on or about December 10, 2020, Plaintiff's employment was caused to be terminated by Defendants. Plaintiff was terminated because of discrimination based on disability/medical condition and age, among other unlawful acts by Defendants. Such conduct by Defendants, and each of them, was in violation of public policy, including, but not limited to, *Government Code* §12940.

29.     As a direct and proximate result of the misconduct and unlawfulness of Defendants, and each of them, and the resulting termination of Plaintiff's employ, as aforesaid, Plaintiff sustained severe and serious injury, all to Plaintiff's damage in a sum to be shown according to proof.

30.     By reason of the foregoing, Plaintiff has suffered harm including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's damage in an amount to be shown according to proof. Plaintiff is informed and believes, and thereon alleges, that he will be required to employ the services of physicians, nurses and other health care professionals in the future, in an amount to be shown according to proof.

///

31.     By reason of the foregoing, as aforesaid, Plaintiff has unable to engage in his employment for a time subsequent to his termination, and Plaintiff is informed and believes and thereon alleges that he will be unable to work in his usual and customary employment for an indefinite period in the future, all to Plaintiff's damage in an amount to be shown according to proof.

32.     The conduct of Defendants in terminating Plaintiff's employment without good, just or legitimate cause and because any discrimination based on sex, race, age and disability/medical condition violates California public policy including, but not limited to, California *Government Code* §12940. Such actions were therefore done in conscious disregard of the rights of Plaintiff to be free of racial discrimination in the workplace, among other rights secured under California law. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

## SECOND CAUSE OF ACTION

## RETALIATION (*Gov't. Code* §12940(h))

(As to Defendants, QUAD GRAPHICS, INC., QG PRINTING II, LLC, and DOES 1 – 100, inclusive)

33.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 32 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

34.     Plaintiff was retaliated against due to complaints as set forth above which are protected activities under the statute.

35.     As a proximate result, Plaintiff has sustained and continues to sustain substantial damages including losses in earnings, other employment benefits as well as general and special damages.

36.     As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

///

**COMPLAINT FOR DAMAGES**

37.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain physical injuries, pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment, and for incidental medical expenses; and Plaintiff has suffered and continues to suffer a loss of earnings, stock options and other employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

38.     Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## THIRD CAUSE OF ACTION

### EMPLOYMENT DISCRIMINATION BASED UPON DISABILITY/MEDICAL CONDITION

### *(Gov't. Code §12940(a))*

(As to Defendants, QUAD GRAPHICS, INC., QG PRINTING II, LLC, and DOES 1 – 100, inclusive)

39.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 38 as though fully set forth herein, except if doing so is inconsistent with the cause of action.

40.     Plaintiff is informed and believes, and thereon alleges, that on December 10, 2020, Plaintiff's employment was caused to be terminated by Defendants because of, among other unlawful acts, his disability/medical condition or perceived disability/medical condition. Such conduct by Defendants, and each of them, was in violation of public policy, including, but not limited to, *Government Code* §12940. Within the time provided by law, Plaintiff filed a Complaint with the California Department of Fair Housing and Employment and received a Right to Sue letter.

41.     Plaintiff is a member of a protected class within the meaning of the aforesaid *Government Code* sections. At all times material, Plaintiff satisfactorily performed his duties and responsibilities as expected by Defendants.

42.     As a direct and proximate result of the misconduct and unlawfulness of Defendants, and each of them, and the resulting termination of Plaintiff's employ, as aforesaid, Plaintiff sustained severe and serious injury to his person, all to Plaintiff's damage in a sum to be shown according to proof.

9

**COMPLAINT FOR DAMAGES**

43.     By reason of the foregoing, Plaintiff has suffered harm including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's damage in an amount to be shown according to proof. Plaintiff is informed and believes, and thereon alleges, that he will be required to employ the services of physicians, nurses and other health care professionals in the future, in an amount to be shown according to proof.

44.     By reason of the foregoing, as aforesaid, Plaintiff has been unable to engage in his employment for a time subsequent to his termination, and Plaintiff is informed and believes and thereon alleges that he will be unable to work in his usual and customary employment for an indefinite period in the future, all to Plaintiff's damage in an amount to be shown according to proof.

45.     The conduct of Defendants in terminating Plaintiff's employment without good, just or legitimate cause and because of his disability/medical condition violated California public policy including, but not limited to, *Government Code* §12940. Such actions were therefore done in conscious disregard of the rights of Plaintiff to be free of disability discrimination in the workplace, among other rights secured under California law. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

## FOURTH CAUSE OF ACTION

## EMPLOYMENT DISCRIMINATION BASED UPON AGE (*Gov't. Code* §12940(a))

(As to Defendants, QUAD GRAPHICS, INC., QG PRINTING II, LLC, and DOES 1 – 100, inclusive)

46.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 45 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

47.     At all times herein mentioned, Defendants employed five or more persons, and *Government Code* §12900 et seq. were in full force and effect and were binding on Defendants. These sections require Defendants to refrain from discriminating against any employee on the basis of age, among other unlawful acts.

///

10

**COMPLAINT FOR DAMAGES**

48.     Plaintiff is a member of a protected class within the meaning of the aforesaid *Government Code* sections. At all material times hereto, Plaintiff satisfactorily performed his duties and responsibilities as expected by Defendants.

49.     Plaintiff believes and thereon alleges that his age of 60 years was a substantial factor in Defendants' actions including harassing and terminating Plaintiff as set forth hereinabove, because Defendants allege that Plaintiff's middle-age status could and would increase Plaintiff's chances of having further medical claims and/or leaves of absence, among other unlawful acts. Such discrimination is in violation of *Government Code* §12940, et seq., and has resulted in damage and injury to Plaintiff as alleged herein.

50.     Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections and received and served a right-to-sue letter.

51.     As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

52.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain physical injuries, pain and-suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment, and for incidental medical expenses; and Plaintiff has suffered and continued to suffer a loss of earnings, stock options and other employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

53.     Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

///

///

///

///

11

**COMPLAINT FOR DAMAGES**

**FIFTH CAUSE OF ACTION**

**HOSTILE WORK ENVIRONMENT AND HARASSMENT IN THE WORK PLACE**

(As to All Defendants and DOES 1 – 100, inclusive)

54.   Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 53 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

55.   As set forth in the allegations above, Defendants, and each of them, engaged in a hostile work environment which included but was not limited to unsolicited and unwelcome speech and conduct described above and that a reasonable person would find offensive, creating an abusive and hostile work environment resulting in a negative effect on Plaintiff, Plaintiff's job performance and the conditions of employment.

56.   As a direct and legal result of the wrongful acts of Defendants, and each of them, Plaintiffs have suffered and will continue to suffer severe injuries, pain, extreme anxiety, worry, mental anguish and upset, emotional and physical distress and aggravation, humiliation, damage to their reputations, undue financial hardship, all to the Plaintiff's damage in excess of the minimal jurisdiction amount of the Superior Court, Unlimited Jurisdiction.

57.   Defendants, and each of them, pursued the aforesaid conduct intentionally, willfully, maliciously, oppressively, and with a conscious and reckless disregard for the rights and safety of the Plaintiff.  Therefore, pursuant to *Civil Code* §3294, Plaintiff seeks the imposition of punitive and exemplary damages against the Defendants, and each of them, and all statutory damages and penalties in an amount sufficient to punish and deter similar future conduct.

**SIXTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(As to All Defendants and DOES 1 – 100, inclusive)

58.   Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 57 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

///

12

**COMPLAINT FOR DAMAGES**

59.   The conduct set forth hereinabove was extreme and outrageous and an abuse of the authority and position of Defendants, and each of them.  Said conduct was intended to cause severe emotional distress, and/or was done in conscious disregard of the probability of causing such distress. Defendants, and each of them, engaged in an intentional wrongful course of conduct which also resulted in the wrongful termination of Plaintiff.

60.   The foregoing conduct did in fact cause Plaintiff to suffer severe emotional distress.  As a proximate result of said conduct, Plaintiff has suffered and continues to suffer pain, discomfort, anxiety, humiliation and emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

61.   Defendants, and each of them, pursued the aforesaid conduct intentionally, willfully, maliciously, oppressively, and with a conscious and reckless disregard for the rights and safety of the Plaintiff.  Therefore, pursuant to *Civil Code* §3294, Plaintiff seeks the imposition of punitive and exemplary damages against the Defendants, and each of them, and all statutory damages and penalties in an amount sufficient to punish and deter similar future conduct.

### SEVENTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY/MEDICAL CONDITION

### (*Gov't. Code* §§ 12940(m) and 12926(p))

(As to Defendants, QUAD GRAPHICS, INC., QG PRINTING II, LLC, and DOES 1 – 100, inclusive)

62.   Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 61 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

63.   At all times relevant to this lawsuit, Plaintiff was an employee with certain disabilities as described above.

64.   California *Government Code* §12940(m) makes it unlawful "[f]or an employer or other entity . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

65.   As a proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and

13

**COMPLAINT FOR DAMAGES**

1   other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical

2   and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish,

3   embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's

4   damages will be ascertained at trial.

5        66.    In committing the foregoing acts, Defendants have been guilty of oppression, fraud,

6   and/or malice under California *Civil Code* §3294, thereby entitling Plaintiff to punitive damages in a

7   sum appropriate to punish and make an example out of Defendants.

8                           **EIGHTH CAUSE OF ACTION**

9        **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (*Gov't. Code* §12940(n))**

10  (As to Defendants, QUAD GRAPHICS, INC., QG PRINTING II, LLC, and DOES 1 - 100, inclusive)

11       67.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in

12  paragraphs 1 through 66 as though fully set forth herein, except if doing so is inconsistent with this

13  cause of action.

14       68.    California *Government Code* § 12940(n) makes it unlawful "[f]or an employer or other

15  entity covered by this part to fail to engage in a timely, good faith interactive process with the

16  employee or applicant to determine effective reasonable accommodations, if any, in response to a

17  request for reasonable accommodation by an employee or applicant with a known physical or mental

18  disability or known medical condition."

19       69.    California *Government Code* § 12926.1(e) states:  "The Legislature affirms the

20  importance of the interactive practice between the applicant or employee and the employer in

21  determining a reasonable accommodation, as the requirement has been articulated by the Equal

22  Employment Opportunity Commission in its interpretive guidance of the Americans with Disabilities

23  Act."

24       70.    Plaintiff informed Defendants of his disabilities and requested accommodations and/or

25  Defendants were aware of Plaintiff's disabilities and knew Plaintiff required an accommodation but

26  failed to engage in a timely good faith process with Plaintiff to determine effective reasonable

27  accommodations as required by California *Government Code* §§ 12940(n) and 12926.1(e).

28  ///

**COMPLAINT FOR DAMAGES**

71.    Had Defendants engaged in a timely good faith interactive process, there were available reasonable accommodations which would have accommodated Plaintiff's disabilities and allowed him to continue to work with Defendants.

72.    As a proximate result of Defendants' conduct, Plaintiff has been damaged and has sustained and continues to sustain substantial losses in earnings, other employment benefits and damages.

73.    In committing the foregoing acts, Defendants have been guilty of oppression, fraud and/or malice under California *Civil Code* § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example of Defendants.

## NINTH CAUSE OF ACTION

## NEGLIGENT SUPERVISION AND RETENTION

(As to Defendants, QUAD GRAPHICS, INC., QG PRINTING II, LLC, and DOES 1 to 100, inclusive)

74.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 73 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

75.    At all times herein mentioned, RAFAEL ALVAREZ and ANGELO ORTIZ were unfit and incompetent for their positions.  ALVAREZ and ORTIZ unlawfully harassed Plaintiff as alleged above, creating an abusive and hostile work environment.  Plaintiff complained to Defendants regarding the pervasive harassment and hostile conduct to no avail.  At all times, Defendants were aware of the hostile and abusive work environment and took no action to stop or prevent the harassment and wrongful conduct.

76.    Defendants owed Plaintiff a duty of reasonable care in its employment, retention, and decision to ultimately terminate Plaintiff's employment.

77.    Defendants breached the duty of reasonable care owed to Plaintiff, in part, by failing to adequately investigate the circumstances of Plaintiff's termination or providing an environment free of discrimination, harassment and hatred.

78.    As a proximate result of Defendants' negligence against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

15

**COMPLAINT FOR DAMAGES**

79.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

80.     In committing the foregoing acts, Defendants have been guilty of oppression, fraud, and/or malice under California *Civil Code* §3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of Defendants.

## TENTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION (*Cal. Labor Code* §§ 510 and 1194)

(As to All Defendants and DOES 1 - 100, inclusive)

81.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 80 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

82.     Under the California *Labor Code* § 510(a), the standard "day's work" is 8 (eight) hours and any time over that is considered over-time.

California *Labor Code* § 510(a) states:

> (a) Eight hours of labor constitutes a day's work . . . Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee ...

83.     Plaintiff contends that from the inception of his employment to the date of termination, Plaintiff was forced to work more than 8 hours without being paid overtime pay.

84.     California state wage requirement is 1.5 times the hourly wage for overtime. In addition, under California *Labor Code* § 510(a), if an individual works an excess of 12 hours, they are entitled to receive twice (2x) their hourly wage and any work in excess of 8 hours on any seventh day of the week shall also be compensated with twice (2x) their hourly wage. Plaintiff was earning $29.75 per hour and worked overtime and in excess of 12 hours per day but was not paid his double-time rate of $59.50.

California *Labor Code* § 510(a) states:

> (a) Eight hours of labor constitutes a day's work . . . Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess

16

**COMPLAINT FOR DAMAGES**

of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee …

85.  Plaintiff contends that as of December 10, 2020, he was still owed additional monies for services rendered as an employee of Defendant and that to date, she has not received any additional monies.

86.  Therefore, Plaintiff is entitled to receive her earned unpaid wages plus interest, in addition to reasonable attorney's fees and costs of suit against Defendant for failing to give Plaintiff his wages earned, as a protected individual under California *Labor Code* §1194(a) which states:

> (a)  Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation including interest thereon, reasonable attorney's fees, and costs of suit.

87.  ·As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION

## FAILURE TO PAY MEAL PERIOD COMPENSATION (*Labor Code*, §§ 226.7 and 512)

(As to All Defendants and DOES 1 - 100, inclusive)

88.  Plaintiff re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 87 as though fully set forth in this cause of action, except if doing so is inconsistent with this cause of action.

89.  *Labor Code* § 226.7 provides in pertinent part the following:

> 226.7 .... (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

90.  *Labor Code* § 512 provides in pertinent part the following:

17

512. (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

91.     At relevant times herein, Plaintiff worked for periods of more than five hours without a meal period of at least 30 minutes.

92.     Plaintiff was not paid an additional hour of pay at the regular rate of compensation in lieu of the mandated meal period required by the *Labor Code*.

93.     As a direct and proximate result of the aforementioned acts and omissions, Plaintiff has sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## TWELFTH CAUSE OF ACTION

## FAILURE TO PAY REST PERIOD COMPENSATION

### (*Labor Code* § 226.7; *IWC Wage Order No.* 4-2001))

(As to All Defendants and DOES 1 – 100, inclusive)

94.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 93 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

95.     *Labor Code* § 226.7 provides in pertinent part the following:

226.7 .... (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

18

**COMPLAINT FOR DAMAGES**

96.  *Industrial Welfare Commission Wage Order* 4-2001 provides in pertinent part:

12. Rest Periods.

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.   Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

97.  At relevant times herein, Plaintiff worked for periods of more than four hours or major fraction thereof without rest periods of at least 10 minutes.

98.  Plaintiff was not paid an additional hour of pay at the regular rate of compensation in lieu of the mandated rest period required by the *Labor Code*.

99.  As a direct and proximate result of the aforementioned acts and omissions, Plaintiff has sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## THIRTEENTH CAUSE OF ACTION

### FAILURE TO PAY WAGES IN A TIMELY MANNER (*Cal. Labor Code* § 204)

(As to All Defendants and DOES 1 - 100, inclusive)

100.  Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 99 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

101.  California *Labor Code* § 204 provides in pertinent part the following:

204. (a) All wages... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and

19

**COMPLAINT FOR DAMAGES**

15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

102.    At relevant times herein, Defendants failed to pay Plaintiff earned wages within the time limits prescribed in *Labor Code* § 204.

103.    As a direct and proximate result of the aforementioned acts and omissions, Plaintiff has sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## FOURTEENTH CAUSE OF ACTION

## FAILURE TO PAY EARNED WAGES (*Cal. Labor Code* §§ 204, 206 and 210)

(As to Defendants, QUAD GRAPHICS, INC., QG PRINTING II, LLC, and DOES 1 - 100, inclusive)

104.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 103 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

105.    California *Labor Code* § 204 provides in pertinent part the following:

204. (a) All wages... earned by any person in any employment arc due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays ....

106.    California *Labor Code* § 206 provides in pertinent part the following:

206. (a) In case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies be might otherwise be entitled to as to any balance claimed.

107.    California *Labor Code* § 210 provides in pertinent part the following:

210. (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee ... shall be subject to a civil penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

20

108.   At relevant times herein, Defendants failed to pay Plaintiff all earned wages, in violation of *Labor Code* §§ 204 and 206.

109.   Plaintiff is entitled to recover the full amount of earned wages, interest thereon, and reasonable attorney fees and costs. Pursuant to *Labor Code* § 210, Plaintiff is also entitled to recover $100 for the initial violation, $200 for each subsequent violation, and 25 percent of the amount unlawfully withheld.

110.   As a direct and proximate result of the aforementioned acts and omissions, Plaintiff has sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## FIFTEENTH CAUSE OF ACTION

### FAILURE TO PAY WAGES DUE (*Labor Code*, §§ 226 and 558)

(As to All Defendants and DOES 1 - 100, inclusive)

111.   Plaintiff re-alleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 110 as though fully set forth in this cause of action, except if doing so is inconsistent with this cause of action.

112.   At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11090, as set forth hereinabove. As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

113.   As alleged herein, Plaintiff was not exempt from the requirements of *Labor Code* §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

114.   Plaintiff has been deprived of Plaintiffs rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

115.   *Labor Code* §558(a) provides that any person acting on behalf of an employer who violates, or causes to be violated, any statute or provision regulating hours and days of work in any order of the Industrial Welfare Commission pay a civil penalty in the amount of $50.00 for each underpaid employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Also, *Labor Code* §558(a) for each subsequent violation, the

21

**COMPLAINT FOR DAMAGES**

person acting on behalf of an employer is liable in the amount of $100.00 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

116.   In addition to the unpaid wages, Plaintiff is entitled to civil penalties in this amount stated above based upon Defendants' underpayment of minimum and overtime wages. Within the one year immediately preceding the filing of this Complaint, Defendants, and each of them, violated *Labor Code* §558 for all applicable pay periods, the first of which Defendants are penalized $50.00, and the remainder of which Defendants are penalized $100.00 each, in *Labor Code* §558 penalties.

### SIXTEENTH CAUSE OF ACTION

### WAITING TIME PENALTIES (Cal. *Labor Code* §§ 201, 202, and 203)

(As to All Defendants and DOES 1 - 100, inclusive)

117.   Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 116 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

118.   Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

119.   California *Labor Code* sections 201 through 203 provide in pertinent part the following:

> 201. (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately ....

> 202. (a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee bas given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting ...

> 203. (a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of~ employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days ....

22

**COMPLAINT FOR DAMAGES**

120. At relevant times herein, Defendants willfully failed to pay Plaintiff earned wages upon separation from employment which included compensation in lieu of mandated rest period required by the *Labor Code*.

121. Plaintiff is entitled to a civil penalty based on Plaintiff daily wage rate starting from Plaintiffs employment end date until 30 days from Plaintiff employment end date.

122. As a direct and proximate result of the aforementioned acts and omissions, Plaintiff has sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## SEVENTEENTH CAUSE OF ACTION

## FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS

(As to All Defendants and DOES 1 - 100, inclusive)

123. Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 122 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

124. *California Labor Code* § 226 provides in pertinent part the following:

226. (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned any and applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one items, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer…and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

. . .

(c)     (1) An employee suffering injury as result of a knowing and

23

intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

125.   At relevant times herein, Defendants knowingly and intentionally failed to furnish Plaintiff with timely and accurate wage statements.

126.   Plaintiff is entitled to recover the greater of all actual damages or $50 for the initial pay period in which the wage and hour statement violation occurred and $100 for each violation in a subsequent pay period, up to a total of $4,000.

127.   As a direct and proximate result of the aforementioned acts and omissions, Plaintiff has sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

## EIGHTEENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES (*Bus. & Prof. Code* § 17200)

### (As to all Defendants and DOES 1 - 100, inclusive)

128.   Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 127 as though fully set forth herein, except if doing so is inconsistent with this cause of action.

129.   Defendant committed acts of unfair business practices, as defined by *Business and Professions Code* § 17200, by failing to pay overtime wage in violation of *Cal. Labor Code* §§ 510 and 1194, failing to pay wages in a timely manner in violation of *Labor Code* § 204; failure to pay earned wages in violation of *Labor Code* §§ 204, 206 and 210; failure to pay wages due in violation of *Labor Code* §§ 226 and 558; failure to pay rest period compensation in violation of *Labor Code* § 226.7 and IWC Wage Order 4-2001, among other unlawful acts. These acts and practices, as fully described above, violated *Business and Professions Code* § 17200.

130.   Plaintiff is entitled to restoration and/or restitution of money unlawfully withheld as a result of the actions alleged above.

24

**COMPLAINT FOR DAMAGES**

1    **WHEREFORE**, Plaintiff, ELIUD RAMIREZ, demands judgment against the Defendants, and

2    each of them, as follows:

3    1.    General damages, including non-economic damages in the sum of $2,000,000;

4    2.    Special damages, including economic damages, including without limitation, loss of

5    income, loss of back-pay and front-pay, unpaid wages, rest and meal period compensation, loss of

6    employment benefits, loss of earning capacity and medical expenses in the sum of $1,500,000;

7    3.    For restoration and restitution of money acquired by unfair business practices according

8    to proof;

9    4.    For statutory and civil penalties and damages in an amount of $150,000;

10   5.    Punitive and exemplary damages in the sum of $2,000,000;

11   6.    For prejudgment interest and interest provided by law including, but not limited to, *Civil*

12   *Code* § 3291 at the rate of 10% per annum in the sum of $150,000;

13   7.    For attorney's fees pursuant to *Government Code* §12965(b), *Labor Code* §§ 1194 and

14   218.5, and all other applicable law, in the sum of $300,000;

15   8.    Costs of suit incurred herein in the sum of $35,000; and

16   9.    For such other and further relief as the Court deems just and proper.

17

18   DATED: November _16_ , 2022                 LAW OFFICES OF THOMAS R. NIGRO

19

20

21                                              THOMAS R. NIGRO

22                                              LAW OFFICES OF NICHOLAS CAMERON &
                                                ASSOCIATES
23                                              Nicholas Cameron, Esq.

24                                              Attorneys for Plaintiff, ELIUD RAMIREZ

25

26

27

28

Electronically FILED by Superior Court of California, County of Riverside on 11/17/2022 12:20 PM
Case Number CVRI2205012 00000400   4 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By  ne Hendrickson, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | | FOR COURT USE ONLY |
|---|---|---|
| Nicholas Cameron, Esq. (SB# 236607)<br>Law Offices of Nicholas Cameron & Assoc<br>920 East Civic Center Drive<br>Santa Ana, CA 92701 | Thomas R. Nigro, Esq. (SB# 113498)<br>Law Offices of Thomas R. Nigro<br>26632 Towne Centre Drive, Suite 300<br>Foothill Ranch, CA 92610 | |

TELEPHONE NO.: 949-453-1777  FAX NO. *(Optional):* 949-453-1677
E-MAIL ADDRESS:
ATTORNEY FOR *(Name):* Plaintiff, ELIUD RAMIREZ

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: RIVERSIDE HISTORIC COURTHOUSE

CASE NAME:
ELIUD RAMIREZ v QUAD GRAPHICS, INC.; et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CVRI2205012 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more issues that will be time-consuming to resolve  courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Eighteen (18)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 16, 2022

Thomas R. Nigro, Attorney for Plaintiff
(TYPE OR PRINT NAME)                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Electronically Filed by Superior Court of California, County of Riverside on 7/2022 12:20 PM
Case Number CVRI2205012 0000040061066 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Jaime Hendrickson, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30765-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| Nicholas Cameron, Esq. (SB#236607)     Thomas R. Nigro, Esq. (SB#113498)<br>Law Ofcs of Nicholas Cameron & Assoc     Law Offices of Thomas R. Nigro<br>920 East Civic Center Drive     26632 Towne Centre Drive, Suite 300<br>Santa Ana, CA 92701     Foothill Ranch, CA 92610<br><br>TELEPHONE NO: **(949) 453-1777**     FAX NO. (Optional): **(949) 453-1677**<br><br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, ELIUD RAMIREZ | |

PLAINTIFF/PETITIONER: ELIUD RAMIREZ

DEFENDANT/RESPONDENT: QUAD GRAPHICS, INC., et al.

| | CASE NUMBER: |
|---|---|
| | CVRI2205012 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: ___92504___

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date November _16_, 2022

THOMAS R. NIGRO, Attorney for Plaintiff
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)     ► _____ (SIGNATURE)

Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2205012

**Case Name:**   RAMIREZ vs QUAD GRAPHICS, INC.

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Irma Asberry in Department 5 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.




| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-In007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 11/17/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
J. Hendrickson, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2205012

**Case Name:**   RAMIREZ vs QUAD GRAPHICS, INC.

QUAD GRAPHICS, INC.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/16/2023 | 8:30 AM | Department 5 |
| Location of Hearing: | 4050 Main Street, Riverside, CA 92501 | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing: The court strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-782-8254 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 11/17/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: *Jamie Hendrickson*
J. Hendrickson, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
### Historic Court House
### 4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2205012

**Case Name:**   RAMIREZ vs QUAD GRAPHICS, INC.

QG PRINTING II, LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/16/2023 | 8:30 AM | Department 5 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

### Meeting ID: 161-782-8254 #
### Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

  Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 11/17/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _Janie Hendrickson_

J. Hendrickson, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2205012

**Case Name:**   RAMIREZ vs QUAD GRAPHICS, INC.

RAFAEL ALVAREZ

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/16/2023 | 8:30 AM | Department 5 |

| Location of Hearing: |
|---|
| 4050 Main Street, Riverside, CA 92501 |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-782-8254 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

 Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

 Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. *A Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 11/17/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

J. Hendrickson, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**  CVRI2205012

**Case Name:**  RAMIREZ vs QUAD GRAPHICS, INC.

ANGELO ORTIZ

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/16/2023 | 8:30 AM | Department 5 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-782-8254 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

 Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

 Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 11/17/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: *J. Hendrickson*

J. Hendrickson, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

RI-ADR001-INFO



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
***INFORMATION PACKAGE***

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

## What Is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:

- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:

- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

**Mediation may be appropriate when the parties:**

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

**Mediation is not appropriate when the parties:**

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

**Page 1 of 2**

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ MORENO VALLEY 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Murrieta, CA 92563
☐ PALM SPRINGS 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ RIVERSIDE 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

| PLAINTIFF/PETITIONER: | |
|---|---|
| | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |
| | CASE MANAGEMENT CONFERENCE DATE(S): |

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
### (CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration          ☐ Other (describe): _____

Proposed date to complete ADR: _____

### SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
|---|---|---|
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |

Page 1 of 1

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localforms/localforms.shtml

# EXHIBIT B

Gregory G. Iskander, Bar No. 200215
giskander@littler.com
Yesenia Garcia Perez, Bar No. 264880
ygarciaperez@littler.com
Benjamin Sanchez, Bar No. 313871
bsanchez@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California  94597
Telephone:     925.932.2468
Fax No.:        925.946.9809

Attorneys for Defendants
QUAD GRAPHICS, INC.; QG PRINTING II, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| ELIUD RAMIREZ,<br><br>        Plaintiff,<br><br>      v.<br><br>QUAD GRAPHICS, INC.; RAFAEL ALVAREZ, an individual; ANGELO ORTIZ, an individual; QG PRINTING II, LLC; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.  CVRI2205012<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF ELIUD RAMIREZ'S COMPLAINT**<br><br>**Assigned for all purposes to Hon. Irma Asberry Department 5**<br><br>Complaint Filed: November 17, 2022 |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4892-0214-3304.2 / 050407-1203

1       Defendants QUAD GRAPHICS, INC., and QG PRINTING II, LLC

2   ("Defendants") hereby respond to the unverified Complaint ("Complaint") filed by ELIUD

3   RAMIREZ ("Plaintiff") as follows:

4                 **GENERAL DENIAL**

5       Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants deny,

6   generally and specifically, each and every allegation contained in the Complaint, and deny the

7   Complaint as a whole as it relates to Defendants.  Defendants further deny, generally and

8   specifically, that Plaintiff has been injured in any amount by reason of any act or omission of

9   Defendants or by anyone acting on Defendants' behalf or at their direction. Defendants further

10  generally and specifically deny that Plaintiff is entitled to any relief whatsoever.

11             **AFFIRMATIVE DEFENSES**

12      Without waiving or excusing any of Plaintiff's own burdens of proof and production of

13  evidence, Defendants allege the following separate and distinct affirmative defenses to each of the

14  purported causes of action set forth in the Complaint, and reserve the right to assert additional

15  affirmative defenses in the future:

16             **AFFIRMATIVE DEFENSES**

17           **FIRST AFFIRMATIVE DEFENSE**

18            **(Failure to State a Claim)**

19      1.     As a separate and distinct affirmative defense, Defendants allege that the

20  Complaint, and each cause of action for relief set forth therein, fails to state a claim upon which

21  relief may be granted and/or fails to state facts sufficient to constitute a valid cause of action against

22  Defendants.

23           **SECOND AFFIRMATIVE DEFENSE**

24                **(Waiver)**

25      2.     As a separate and distinct affirmative defense, Defendants allege that the

26  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the

27  equitable doctrine of waiver.

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4892-0214-3304.2 / 050407-1203

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CASE NO. CVRI 2205012)

1
2

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

3         3.      As a separate and distinct affirmative defense, Defendants allege that the
4  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the
5  equitable doctrine of estoppel.

6

### FOURTH AFFIRMATIVE DEFENSE

7

**(Laches)**

8         4.      As a separate and distinct affirmative defense, Defendants allege that the
9  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the
10  equitable doctrine of laches.

11

### FIFTH AFFIRMATIVE DEFENSE

12

**(Unclean Hands)**

13        5.      As a separate and distinct affirmative defense, Defendants allege that the
14  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the
15  equitable doctrine of unclean hands.

16

### SIXTH AFFIRMATIVE DEFENSE

17

**(Consent)**

18        6.      As a separate and distinct affirmative defense, Defendants allege that the
19  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the
20  equitable doctrine of consent.

21

### SEVENTH AFFIRMATIVE DEFENSE

22

**(Statute of Limitations)**

23        7.      As a separate and distinct affirmative defense, Defendants allege that the
24  Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the
25  applicable statutes of limitations, including, but not limited to, California Government Code
26  sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343;
27  and/or Labor Code Section(s) 201, 203, 210; and/or and California Business and Professions Code
28  section 17208.

4892-0214-3304.2 / 050407-1203

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

3

1                          **EIGHTH AFFIRMATIVE DEFENSE**

2                    **(Legitimate Bases for Employment Decision)**

3          8.      As a separate and distinct affirmative defense, Defendants allege that

4 employment decisions regarding Plaintiff were made for legitimate, non-discriminatory reasons.

5                         **NINTH AFFIRMATIVE DEFENSE**

6                       **(No Violation of Public Policy)**

7          9.      As a separate and distinct affirmative defense, Defendants allege, that the

8 Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, because

9 Defendants did not violate any public policy.

10                        **TENTH AFFIRMATIVE DEFENSE**

11                     **(Doctrine of After-Acquired Evidence)**

12         10.      As a separate and distinct affirmative defense, Defendants allege that the

13 Complaint, and each and every cause of action alleged therein, is barred by the doctrine of after-

14 acquired evidence.

15                      **ELEVENTH AFFIRMATIVE DEFENSE**

16     **(Business Necessity, Lawful Business Reasons, and/or Legitimate Business Purpose)**

17         11.      As a separate and distinct affirmative defense, Defendants allege, without

18 admitting that they engaged in any of the acts or omissions alleged in the Plaintiff's Complaint, that

19 any such acts or omissions were undertaken by reason of business necessity, for lawful business

20 reasons, and/or for legitimate, non-discriminatory and non-retaliatory business purposes which

21 were necessary to the efficient operation of the business.

22                      **TWELFTH AFFIRMATIVE DEFENSE**

23             **(Defendants Acted in Good Faith and With Good Cause)**

24         12.      As a separate and distinct affirmative defense, Defendants allege that the

25 Complaint, and each cause of action for relief set forth therein, is barred in whole or in part, because

26 good cause existed for each and every action taken by Defendants with respect to Plaintiff's

27 employment and Defendants acted reasonably and in good faith at all times, based upon all relevant

28 facts and circumstances known by Defendants at the time they acted.

4892-0214-3304.2 / 050407-1203

LITTLER MENDELSON,
P.C.
Attorneys at Law
1255 Treat Towers
Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CASE NO. CVRI 2205012)

1  | **THIRTEENTH AFFIRMATIVE DEFENSE**

2  | **(Outside Course and Scope)**

3  | 13.  As a separate and distinct affirmative defense, Defendants allege that the

4 Complaint, and each cause of action for relief set forth therein, is barred because, assuming

5 *arguendo* that any employee engaged in any unlawful conduct, such conduct was committed

6 outside the course and scope of such employee's employment, was not authorized, adopted or

7 ratified by Defendants and/or Defendants did not know nor should it have known of such conduct.

8  | **FOURTEENTH AFFIRMATIVE DEFENSE**

9  | **(Claim Exceeds Scope of Administrative Charge)**

10  | 14.  As a separate and distinct affirmative defense, Defendants allege, on

11 information and belief, that the Complaint, and each cause of action for relief set forth therein, is

12 barred because, assuming that Plaintiff did attempt to exhaust his administrative remedies with the

13 California Department of Fair Employment and Housing ("DFEH") the causes of action asserted

14 in the Complaint exceed the scope of any potential Charges filed with the DFEH.

15  | **FIFTEENTH AFFIRMATIVE DEFENSE**

16  | **(Damages or Loss Proximately Caused by Plaintiff)**

17  | 15.  As a separate and distinct affirmative defense, Defendants allege that any

18 damage or loss sustained by Plaintiff was proximately caused by Plaintiff's own actions or

19 inactions.

20  | **SIXTEENTH AFFIRMATIVE DEFENSE**

21  | **(Failure to Mitigate)**

22  | 16.  As a separate and distinct affirmative defense, Defendants allege that

23 Plaintiff is barred from obtaining any recovery against Defendants by reason of his failure to

24 mitigate his alleged damages, if any, or, alternatively, any damages relief awarded to Plaintiff must

25 be reduced or limited to the extent of such failure to mitigate.

26  | **SEVENTEENTH AFFIRMATIVE DEFENSE**

27  | **(Emotional Distress Caused by Other Factors)**

28  | 17.  As a separate and distinct affirmative defense, Defendants allege that the

LITTLER MENDELSON, P.C.
Attorneys at Law
1255 Treat Boulevard
Treat Towers
Suite 600
Walnut Creek, CA 94597
925.932.2468

4892-0214-3304.2 / 050407-1203

5

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CASE NO. CVRI 2205012)

Complaint and each cause of action set forth therein, is barred in whole or in part because assuming *arguendo* that Plaintiff suffered any emotional distress (which Defendants deny), such emotional distress was proximately caused by factors other than the actions of Defendants or anyone acting on their behalf or in their employ.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

18. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each and every cause of action alleged therein, is barred to the extent that Plaintiff failed to properly and fully and timely invoke and/or exhaust the administrative remedies available to him.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Same Determination/ No Notice or Knowledge)

19. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each and every cause of action alleged therein, is barred because Defendants had no notice or knowledge of any alleged discriminatory, retaliatory, or unlawful conduct toward Plaintiff. Further, to the extent an unlawful discriminatory or retaliatory motive, if any, existed in connection with any employment decision involving Plaintiff (which Defendants deny), such employment decision would have been the same even without such allegedly unlawful discriminatory or retaliatory motive.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Malice, Fraud, Oppression or Intent)

20. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each and every cause of action alleged therein, is barred because Defendants lacked sufficient intent for the commission of the matters alleged in the Complaint and did not act with any specific malice, fraud, or oppression or ill intent towards Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Preclusion)

21. As a separate and distinct affirmative defense, Defendants allege each and

LITTLER MENDELSON,
P.C.
Attorneys at Law
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4892-0214-3304.2 / 050407-1203

1   every cause of action set forth in the Complaint is barred, in whole or in part, by the doctrine of

2   collateral estoppel and/or res judicata.

3   ### TWENTY-SECOND AFFIRMATIVE DEFENSE

4   ### (No Employment Relationship)

5         22.    As a separate and distinct affirmative defense, Defendant QG Printing, Inc.

6   alleges that Plaintiff was not employed by Defendant, nor did Defendant control Plaintiff's day to

7   day work.

8   ### TWENTY-THIRD AFFIRMATIVE DEFENSE

9   ### (Workers' Compensation Exclusivity Rule)

10        23.    As a separate and distinct affirmative defense, Defendants allege that

11  Plaintiff's Complaint, including claims for emotional injury set forth therein, are preempted and

12  barred by the exclusive remedy provisions of the California Workers' Compensation Act,

13  California Labor Code sections 3500 *et seq.*, and California Labor Code section 132a, in that:

14  (1) the injuries complained of allegedly occurred when both Plaintiff and Defendants were subject

15  to California Labor Code sections 3600 to 3601; (2) at the time of the alleged injuries, Plaintiff was

16  performing services incidental to his employment and was acting within the course and scope of

17  his employment; (3) Plaintiff alleges that the injuries were caused by his employment;

18  (4) Plaintiff's employment was covered by workers' compensation; and (5) Defendants paid the

19  entire costs for that coverage.  Accordingly, this Court lacks subject matter jurisdiction over said

20  claims.

21  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

22  ### (At Will Employment)

23        24.    As a separate and distinct affirmative defense, Defendants allege that

24  Plaintiff's Complaint is barred because Plaintiff was an at-will employee with no entitlement to

25  continued employment pursuant to section 2922 of the California Labor Code and/or Defendants'

26  personnel policies.

27  //

28  //

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4892-0214-3304.2 / 050407-1203

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Offset)

25.     As a separate and distinct affirmative defense, Defendants allege that if Plaintiff is judged to be entitled to any recovery, any award must be offset by all sums received by Plaintiff from any source including, but not limited to, unemployment insurance, private insurance, state disability insurance, Social Security disability payments, workers' compensation payments, and/or other monies and/or benefits Plaintiff has received or will receive.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Arbitration Agreement Bars Bringing Suit)

26.     As a separate and distinct affirmative defense, to the extent that Plaintiff has agreed to arbitrate any or all of the purported claims asserted in the Complaint, the Complaint violates such agreements to arbitrate and the claims should be dismissed and/or stayed and Plaintiff should be compelled to arbitrate.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State A Claim for Punitive or Exemplary Damages)

27.     As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to state a claim for punitive or exemplary damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages are Unconstitutional)

28.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendants to rights to be given to Defendants in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendants' rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it

4892-0214-3304.2 / 050407-1203

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CASE NO. CVRI 2205012)

imposes an undue burden on interstate commerce.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Knowledge or Ratification Justifying Punitive Damages)

29.     As a separate and distinct affirmative defense, Defendants allege that, without admitting any of the acts, conduct or statements attributed to it by Plaintiff's Complaint, Plaintiff's claim for punitive damages is barred because the acts, conduct or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification, or act of oppression, fraud, or malice on the part of an officer, director, or managing agent of the corporation.

### THIRTIETH AFFIRMATIVE DEFENSE

### (No Prejudgment Interest)

30.     As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Defendants Took Prompt Corrective Action)

31.     As a separate and distinct affirmative defense, Defendants allege, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, because, at all relevant times Defendants took prompt and appropriate corrective action in response to Plaintiff's concerns, thereby satisfying all legal obligations Defendants had to Plaintiff, if any.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Extreme or Outrageous Conduct)

32.     As a separate and distinct affirmative defense, Defendants allege, based on information and belief, that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff cannot state a claim for intentional infliction of emotional distress because Defendants' conduct was not extreme or outrageous.

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4892-0214-3304.2 / 050407-1203

9

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CASE NO. CVRI 2205012)

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Not Qualified Individual)

33.     As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act (California Government Code Sections 12940, *et seq*.,) ("FEHA").

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Could Not Perform Essential Job Duties)

34.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action alleged therein, is barred, in whole or in part, because, to the extent Plaintiff does have a qualifying disability or medical condition under FEHA, which Defendants deny, Plaintiff could not perform the essential functions of his job, with or without reasonable accommodation.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Reasonable Accommodation Existed)

35.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action alleged therein, is barred, in whole or in part, because, to the extent that Plaintiff does have a qualifying disability or medical condition under FEHA, with Defendants deny, no reasonable accommodation existed which would have permitted Plaintiff to perform the essential functions of his position.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Restitution Barred)

36.     As a separate and distinct affirmative defense, Defendants allege that the prayer for restitution pursuant to California Business and Professions Code § 17200, *et seq.* is barred with respect to penalties of any nature.

//

//

//

LITTLER MENDELSON, P.C.
Attorneys at Law
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4892-0214-3304.2 / 050407-1203

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

37.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action alleged therein, is barred, in whole or in part, because there is no private right of action under California Labor Code sections 201, 202, 203, 204, 218, 226.7, 510, 512, or 1197.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Full Performance)

38.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action alleged therein, is barred, in whole or in part, because pay obligations to Plaintiff have been met.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Meal and Rest Periods – No Hindrance)

39.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's meal and rest period- related claims are barred, in whole or in part, because Defendants did not prevent Plaintiff from taking such mean or res periods.

## FORTIETH AFFIRMATIVE DEFENSE

### (Meal Period and Rest Break Waiver)

40.     As a separate and distinct affirmative defense, Defendants allege that civil penalties predicated on Labor Code sections 226.7 and 512 are inappropriate because, to the extent, if any, Plaintiff did not take his meal periods or rest breaks, it was because he: (1) voluntarily elected not to take meal periods or rest breaks that were provided to him by Defendants in compliance with California law; (2) chose not to take rest breaks that were authorized and permitted by Defendants; or (3) waived his right to meal periods and/or rest breaks.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Overtime)

41.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims for civil penalties predicated on Labor Code sections 510, or any alleged failures

LITTLER MENDELSON,
P.C.
Attorneys at Law
1255 Treat Boulevard
Treat Towers
Suite 600
Walnut Creek, CA  94597
925.932.2468

4892-0214-3304.2 / 050407-1203

11

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CASE NO. CVRI 2205012)

1  to pay overtime wages, fail because Defendants complied with all applicable Labor Code statutes

2  and Wage Orders by paying Plaintiff at least the applicable wage for all hours worked.

3  **FORTY-SECOND AFFIRMATIVE DEFENSE**

4  **(Substantial Compliance)**

5       42.     As a separate and distinct affirmative defense, Defendants allege that even

6  assuming  arguendo, Defendants failed to comply with any provision of the Labor Code, including

7  Labor Code sections 226.7 and 512, Defendants substantially complied with the Labor Code, thus

8  rendering an award of civil penalties inappropriate under the circumstances. For the same reason,

9  should the Court find a violation of Labor Code occurred, and such violation gives rise to potential

10  penalties under Labor Code section 558, the Court must exercise its discretion and significantly

11  discount or eliminate any potential penalties owed by Defendants due to its good faith efforts to

12  comply with the Labor Code and/or substantial compliance with the Labor Code.

13  **FORTY-THIRD AFFIRMATIVE DEFENSE**

14  **(Hours Not Worked)**

15       43.     As a separate and distinct affirmative defense, Defendants allege that

16  Plaintiff's claims for alleged failure to pay wages are barred to the extent that Defendants did not

17  reasonably know hours were worked by Plaintiff and/or to the extent that Plaintiff deliberately

18  prevented the employer from acquiring knowledge of the hours worked.

19  **FORTY-FOURTH AFFIRMATIVE DEFENSE**

20  **(Labor Code § 203 – Not Wages)**

21       44.     As a separate and distinct affirmative defense, Defendants allege that any

22  claim for penalties pursuant to Labor Code § 203 is barred, in whole or in part, because the

23  compensation/premiums sought do not constitute wages.

24  **FORTY-FIFTH AFFIRMATIVE DEFENSE**

25  **(Labor Code §§ 201-202 – Bona Fide Dispute)**

26       45.     As a separate and distinct affirmative defense, Defendants allege that

27  Plaintiff's claims for penalties, including, but not limited to penalties predicated on Labor Code §§

28  201-203, are barred because (1) there are bona fide disputes as to whether Defendants failed to

4892-0214-3304.2 / 050407-1203

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

12

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CASE NO. CVRI 2205012)

1  timely pay all wages due, (2) there are bona fide disputes as to whether Defendants failed to present

2  wage statements on a timely basis, and (3) Defendants have not willfully failed to pay such

3  compensation, if any is owed.

4  **FORTY-SIXTH AFFIRMATIVE DEFENSE**

5  **(Defendants Complied with Labor Code and Wage Orders)**

6         46.    As a separate and distinct affirmative defense, Defendants allege that any

7  claim by Plaintiff for civil penalties predicated on Labor Code sections 1194, or any alleged failures

8  to pay minimum wages, fail because Defendants complied with all applicable Labor Code statutes

9  and Wage Orders by paying Plaintiff at least the applicable wage for all hours worked.

10  **FORTY-SEVENTH AFFIRMATIVE DEFENSE**

11  **(Reservation of Rights )**

12         47.    Defendants presently have insufficient knowledge or information upon

13  which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves

14  the right to amend or supplement the affirmative defenses asserted herein, and to present evidence

15  supportive of different or additional defenses.

16  **PRAYER**

17         WHEREFORE, Defendants pray for judgment in Defendants' favor and against

Plaintiff as follows:

18         1.    That the Complaint be dismissed in its entirety with prejudice;

19         2.    That Plaintiff take nothing by virtue of this action;

20         3.    That judgment be entered in favor of Defendants;

21         4.    That Defendants be awarded attorneys' fees and costs of suit incurred herein;

22  and

23         5.    For such other and further relief as the Court may deem proper.

24

25  //

26  //

27

28  //

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4892-0214-3304.2 / 050407-1203

13

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CASE NO. CVRI 2205012)

1   Dated: January 12, 2023

2

3                                              LITTLER MENDELSON, P.C.

4                                              _____
                                               Gregory G. Iskander
5                                              Yesenia Garcia Perez
                                               Benjamin Sanchez
6
                                               Attorneys for Defendants
7                                              QUAD GRAPHICS, INC.; QG PRINTING II,
                                               LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

4892-0214-3304.2 / 050407-1203

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES (CASE NO. CVRI 2205012)

1

## **PROOF OF SERVICE**

2

      I am employed in Contra Costa County, California.  I am over the age of eighteen years

3

and not a party to the within-entitled action.  My business address is 1255 Treat Blvd., Suite 600,

4

Walnut Creek, California 94597.  On January 12, 2023, I served the within document(s):

5

- **DEFENDANTS' ANSWER TO PLAINTIFF ELIUD RAMIREZ'S COMPLAINT**

6

    **VIA EMAIL AND MAIL**

7

Nicholas Cameron

8

nicholas@nicholascameronlaw.com
Maximina Guzman

9

maxi@nicholascameronlaw.com
Maria Anguiano

10

maria@nicholascameronlaw.com
Law Offices Of Nicholas Cameron & Associates
920 East Civic Center Drive

11

Santa Ana CA 92701

12

Thomas R. Nigro

13

tom@thomasnigro.com
stacie@thomasnigro.com

14

Law Offices of Thomas R. Nigro
26632 Town Centre Drive, Suite 300

15

Foothill Ranch CA 92610

16

*Attorneys for Plaintiff*

17

      I declare under penalty of perjury under the laws of the United States of America and the State

18

of California that the above is true and correct.  Executed on January 12, 2023, at Walnut Creek,

19

California.

20

_____

21

                          MONIQUE KENNER

4886-7957-8953.1 / 050407-1203

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

PROOF OF SERVICE